IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANNA TAYLOR                                                                             PLAINTIFF

v.                              CIVIL NO. 5:17-CR-5215

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Danna Taylor, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner). Defendant has filed a motion to dismiss Plaintiff's claim on the ground that it is barred by the time limitation specified in 42 U.S.C. § 405(g). (Doc. 7). Plaintiff filed a response asserting that there were "equitable reasons for the Commissioner to toll the 60-day limit because of circumstances beyond Plaintiff's control due to a typographical error." (Doc. 8).

On July 26, 2016, the ALJ issued a written decision denying Plaintiff's application for supplement security income (SSI) benefits. (Doc. 7, Prelle Decl. Exh. 2, p.3). Plaintiff subsequently requested review of the decision. Id. On August 8, 2017, the Appeals Council sent, by mail addressed to the Plaintiff at 309 So Block, Apt. 5, Fayetteville, AR 72702, with a copy to the representative, notice of the denial of Plaintiff's request for review and of the right to commence a civil action within sixty days from the date of receipt. (Doc. 7, Prelle Decl. Exh. 2, pp.3, 28-30). There was no evidence of any request to the Appeals Council for an extension of time to file a civil action. (Doc. 7, Prelle Decl. Exh. 2, p. 3). On October 25, 2017, Plaintiff

**AO72A**
**(Rev. 8/82)**

commenced this action in federal district court requesting review of the Commissioner's unfavorable decision. (Doc. 1).

The Defendant asserts that Plaintiff's complaint was not filed timely, as it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within sixty days after the date of mailing to the Plaintiff of notice of the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration.

## **Discussion**

The Appeals Council's decision denying Plaintiff's request for review is dated August 8, 2017. Under the regulations, receipt of the notice would be presumed five days thereafter, in this case on August 13, 2017, unless there is a reasonable showing to the contrary. Thus, to be considered timely, Plaintiff must have commenced her civil action on or before October 12, 2017.

Plaintiff's Complaint[1] was filed on October 25, 2017, and the record before the court shows no earlier commencement date. Plaintiff's attorney asserts that she attempted to file the Complaint on October 12, 2017, the date the Complaint was due, by "uploading" the Complaint "as directed by the Clerk of the Court" and sending the document "to the e-mail address, FAY-info@arwd.uscourts.gov." (Doc. 8, Plaintiff's Response, p. 1). Plaintiff's Response further states that she "did not receive confirmation from the court that it had received the document."

---

[1]In Plaintiff's Response to Defendant's Motion for Involuntary Dismissal, Plaintiff's attorney uses the term "petition" when referring to the document at issue. The docket reflects that this document is a complaint, and the Court thus uses the term "complaint" in reference to the document in this opinion.

-2-

(Doc. 8, Plaintiff's Response, p. 2). On October 25, 2017, Plaintiff's attorney presented at the Office of the Clerk of the Court, where the Clerk confirmed that the Complaint was not received, and "found that the document had been sent to the wrong e-mail address."[2] (Doc. 8, Plaintiff's Response, p. 2). While present at the Clerk's office, Plaintiff's attorney proceeded to file the Complaint, which was thirteen days after the deadline. (Doc. 8, Plaintiff's Response, p. 2). Plaintiff's attorney states she had "no way of knowing the document had never arrived at the court." (Doc. 8, Plaintiff's Response, p. 2).

Title 42 U.S.C. § 405(g) provides for judicial review of final decisions of the Commissioner of Social Security and includes a sixty-day statute of limitations for seeking such review. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The relevant regulations provide that a civil action under § 405(g) "must be commenced within 60 days after notice of the Appeals Council decision is received by the individual .... except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. §422.210(c). The regulations further provide that the date the individual receives notice is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.; see also Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436 (6th Cir. 2007) (accepting the SSA's interpretation that "mailing" is the same as "receipt" in Social

---

[2] Plaintiff states the document had been sent to Fay_info@arwd.uscourt.gov, leaving the "s" off of the end of the word "uscourts." (Doc. 8, Plaintiff's Response, p. 2).

-3-

Security cases). Receipt of notice by either the claimant or the claimant's attorney, whichever occurs first, triggers the sixty-day limitations period. Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003) (per curiam).

The sixty-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478, (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. In the absence of equitable tolling, failure to comply with the sixty-day limitations period warrants dismissal. Bess, 337 F.3d at 989-90; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

In the Eighth Circuit, equitable tolling has been used "only sparingly." Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)). The Court in Irwin stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Irwin, 498 U.S. at 96. The Court in Turner further stated:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2nd Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal

-4-

district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir. 1979).

Succinctly stated, this is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' " Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)). See Lively v. Bowen, 827 F.2d 268, 269 (8th Cir. 1987) (no tolling where challenge was not to the procedures employed by Secretary but to the merits of Secretary's decision). Cf. Bowen v. City of New York, 476 U.S. at 478–82, 106 S.Ct. at 2029–31 (statute tolled in class action suit where Secretary maintained an unpublished policy that prevented claimants from learning of their rights); Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987) (case remanded for Secretary to determine if good cause existed for tolling where Social Security Administration employee told claimant not to worry about filing appeal on time because "they'll give you an extension"); Hyatt v. Heckler, 807 F.2d 376, 380–81 (4th Cir. 1986) (statute tolled in class action challenge to Secretary's secretive policy of noncompliance with law of circuit), cert. denied, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987).

Turner, 862 F.2d at 710.

No justification for applying the doctrine of equitable tolling has been presented in this case, and thus, equitable tolling will not extend the sixty-day limitations period for filing Plaintiff's Complaint.

Rather, Plaintiff's counsel states that she sent the Complaint to an incorrect e-mail address and did not receive confirmation from the court that the document had been received. (Doc. 8, Plaintiff's Response, p. 2). Section III(A)(1)(c), of the United States District Court for the Western District of Arkansas' Administrative Policies and Procedures Manual for Civil and Criminal Filings, which was adopted pursuant to Federal Rule of Civil Procedure 5, Federal Rule of Criminal Procedure 49, and Local Rules for the Eastern and Western Districts of Arkansas 5.1 and 5.2, states as follows:

A document submitted electronically will not be considered filed for purposes of

> the Federal Rules of Civil or Criminal Procedure until CM/ECF generates an NEF.

See United States District Court for the Western District of Arkansas' Administrative Policies and Procedures Manual for Civil and Criminal Filings, at www.arwd.uscourts.gov. Subsection (f) goes on to state that a "document transmitted by email does not constitute 'filing' for the purposes of the Federal Rules of Civil or Criminal Procedure." Id.

Had Plaintiff's attorney claimed her non-filing was due to technical failure of the CM/ECF system, section III(H), of the Manual provides the following instructions:

> 1. A filing party whose document is made untimely as a result of a technical failure of the CM/ECF system may seek appropriate relief from the Court.
> 2. In the event of a technical failure, documents may be submitted to the Clerk's office conventionally, accompanied by a Declaration that Party was Unable to File in a Timely Manner Due to Technical Difficulties.
> 3. Problems on the Filing User's end, such as phone line problems, problems with the Filer's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing. In the event of such circumstances, a Filing User may file documents conventionally.

Id. The Court highlights section 3, which states that failures on the user's end do not constitute a technical failure under these procedures, nor do they excuse an untimely filing.

In sum, the Court finds that Plaintiff's Complaint was not filed within sixty days after the presumed receipt of the final decision of Commissioner, or within any time as extended by the Appeals Council; therefore Plaintiff's Complaint was not timely filed. The Court further finds equitable tolling does not apply as there were no facts presented in this case that would justify extending the sixty-day period. Finally, Plaintiff's attorney does not claim that the late filing was due to a technical failure of the CM/ECF system, but rather due to attorney error in sending the document to the incorrect email address and failing to confirm that the document had

-6-

been filed by receipt of an NEF.  As stated above, by court policy, problems on the filing user's end, do not excuse an untimely filing.  Because Plaintiff's Complaint was required to have been filed by October 12, 2017, and Plaintiff's Complaint was not filed until October 25, 2017, the suit is untimely and must be dismissed.

Based on the above, the Court GRANTS Defendant's motion to dismiss and dismisses Plaintiff's complaint without prejudice.

DATED this 21st day of February, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)